UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NO. C:12-757-2(S) |
| LUIS PEREZ-BAROCELA, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Luis Perez-Barocela's ("Defendant") Motion for New Trial (Dkt. No. 132), to which the United States of America ("the Government") has responded (Dkt. No. 133).

**I. BACKGROUND**

On May 30, 2013, a jury found Defendant guilty of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of Title 22 U.S. C. §§ 846, 841(a)(1), and 841(b)(1)(A).

Defendant now moves for a new trial on the following grounds:

(1) The Government asserted an improper closing argument;

(2) The layout of the Government's summary chart was prejudicial;

(3) Newly-discovered evidence would change the outcome of the trial; and

(4) The jury reached its decision under undue duress because it did not take a
   break for lunch.

1

**II. LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 33, upon a defendant's motion, the Court may vacate any judgment and grant a new trial if the interest of justice so requires. FED. R. CRIM. P. 33. However, "[a] motion for a new trial is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial . . . should be invoked only in exceptional cases . . . ." *United States v. Sipe*, 388 F.3d 471, 493 (5th Cir. 2004) (citation and internal quotation marks omitted). The power to grant a new trial "should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005). The remedy of a new trial is "warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" *United States v. Rivera*, 444 Fed App'x 774, 784 (5th Cir. 2011) (quoting *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996)).

In addition, a jury's verdict should be upheld if any rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. *United States v. Charles*, 469 F.3d 402, 406 (5th Cir. 2006) (citing *Jackson v. Virginia*, 443, U.S. 307, 318-19 (1979)). In conducting this inquiry, the Court examines the evidence as a whole and construes it in the light most favorable to the jury's verdict, drawing all reasonable inferences to support the verdict. *United States v. Ragsdale*, 426 F.3d 765, 770-71 (5th Cir. 2005) (citing *United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003)).

**III. ANALYSIS**

    **A. The Government asserted an improper closing argument.**

Defendant argues that the Government asserted an improper closing argument when it instructed the jury that it was important to find the Defendant guilty. The Government denies it

instructed the jury that it was "important" to find the Defendant guilty; rather, it told the jury it had proven the elements of Defendant's offense, and he should therefore be found guilty.

To determine whether a prosecutor's remarks affected a defendant's substantial rights, the Court "should consider (1) the magnitude of the prejudicial effect of the statements; (2) the efficacy of any cautionary instructions; and (3) the strength of evidence of defendant's guilt." *United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004) (citing United States v. Cardenas, 778 F.2d 1127, 1131 (5th Cir. 1985)).

First, the Court considers the magnitude of the prejudicial effect of the Government's statements. *See Wall*, 389 F.3d at 474. A prosecutor's calls for the jury to enforce the law are "generally permissible so long as the jury is directed to convict on the specific evidence at hand." *United States v. Ikner*, 51 Fed. App'x 929, 2002 WL 31415257, at *7 (5th Cir. 2002) (collecting cases). In *Ikner*, the Court held that any prejudicial effects by the prosecution's statements were minimal because such statements only constituted a few lines of a long closing argument. *Id.* at *8. Instead, the Court must consider the statement in the context of the trial as a whole. *United States v. Thompson*, 482 F.3d 781, 785 (5th Cir. 2007). The Fifth Circuit has held that comments not calculated to inflame—such as asking a jury to act as the conscience of a community—are permissible. *United States v. Brown*, 887 F.2d 537, 542 (5th Cir. 1989). Here, the Government did not make an appeal to passion or prejudice but rather called on the jury to convict based on the evidence presented at trial. The statement to which Defendant objects is only a small part of the trial as a whole and therefore has minimal prejudicial effect. In asking the jury to follow the Court's instructions and to find the Defendant guilty, the Government did not distract the jury's attention from applying the law by making an appeal to passion or prejudice.

Next, the Court considers the efficacy of any cautionary instructions. *See Wall*, 389 F.3d at 474. Juries are presumed to follow the instructions given to them by the Court. *United States v. Hefferon*, 314 F.3d 211, 222 (5th Cir. 2002). The Court instructed the jury to base its decision solely on the testimony and evidence presented at trial, without prejudice or sympathy. The Court further instructed the jury that arguments of counsel are not evidence. Though this Court does not find the Government made any prejudicial statements, the Court's instructions to the jury were sufficient to mitigate any possible prejudice. *See Ikner*, 51 Fed App'x at *7.

Finally, the Court considers the strength of evidence of Defendant's guilt. *See Wall*, 389 F.3d at 474. Four co-conspirators testified at trial regarding Defendant's role in the marijuana smuggling operation. The Government also produced phone records corroborating the witness' testimony and photo lineups identifying Defendant as a member of the conspiracy. The Court finds an overwhelming sufficiency of evidence that Defendant is guilty beyond a reasonable doubt of the crime for which he was convicted.

Accordingly, Defendant is not entitled to a new trial on this basis.

**B. The layout of the Government's summary chart was prejudicial.**

Over Defendant's objections, the Court admitted at trial a chart showing Defendant's photograph connected by lines to photographs of co-conspirators, which represented Defendant's telephone contact with the co-conspirators. Defendant argues the Government's chart highlighting cell phone usage was suggestive of a "Mafioso-type" lineup that was inflammatory and portrayed Defendant as the center of a conspiracy. The Government rejects Defendant's claim that it tried to portray Defendant as the center of a drug trafficking organization and further argues the chart is supported by other evidence and testimony.

Counsel may present charts, summaries, or calculations at trial to prove evidence that is so voluminous, it cannot be conveniently examined in court. FED. R. EVID. 1006. As the Fifth Circuit has explained:

> Summary charts in particular are admissible when (1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested, (3) the chart preparer is available for cross-examination, and (4) the jury is properly instructed concerning use of the charts.

*United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001).

Here, the Government's chart was based on competent evidence already before the jury and was used as a visual demonstration of phone records already submitted into evidence. Two witnesses confirmed that Defendant was in contact with co-conspirators in the manner represented by the chart. The Government has an open file policy, and the phone records used to construct the chart in question were therefore available to defense counsel so that the correctness of the summary could be tested. Special Agent Michael Massey, an Intelligence Research Specialist with the Drug Enforcement Administration who prepared the chart, testified at trial and was also available for cross-examination. Finally, the Court properly instructed the jury concerning the use of the charts. Quoting Fifth Circuit Pattern Criminal Jury Instruction Number 1.44, the Court instructed the jury, "Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve." (Dkt. No. 117 at 2.) Accordingly, Defendant is not entitled to a new trial on this basis.

### C. Newly-discovered evidence would change the outcome of the trial.

Defendant contends that the testimony of two of the Government's witnesses who were friends yet denied knowledge of each other's involvement in the conspiracy constituted new evidence that the Government failed to disclose. Defendant claims he could not have foreseen

the relationship between the two witnesses or that they would deny knowing each other's involvement in the smuggling operation. Defendant argues the Government's failure to disclose this evidence before trial violates *Brady v. Maryland*, 373 U.S. 83 (1963). The Government calls the so-called new evidence "factually inaccurate" because one of the witnesses in fact acknowledged knowing the co-conspirator's involvement in the smuggling operation. The Government also denies failing to disclose to Defendant any evidence.

Before the Court can determine the merits of a *Brady* violation, the alleged violation must not involve evidence that is "'fully available to the defendant and his reason for not obtaining and presenting such information was his lack of reasonable diligence.'" *United States v. Infante*, 404 F.3d 376, 386 (5th Cir. 2005) (quoting *United States v. Dean*, 722 F.2d 92, 95 (5th Cir. 1983)).

Here, defense counsel had ample opportunity to interview witnesses. Defense counsel also had access to the Government's entire file, including interviews and supporting documentation regarding the relationships among co-conspirators. Because the evidence of which Defendant claims to be unaware was fully available to Defendant, his claim of a *Brady* violation cannot stand. Moreover, even if two other co-conspirators were unaware of each other's involvement, this does not establish Defendant's innocence. Accordingly, Defendant is not entitled to a new trial on this basis.

### D. The jury reached its decision under undue duress because it did not take a break for lunch.

Finally, Defendant argues the Court compelled the jury to reach a verdict under undue duress because the Court did not direct them to take a lunch break. The Government points out the Court twice advised the jury it could take a lunch break whenever it wished. Jurors opted to deliberate from about 11 A.M. until 2:30 P.M., at which time they returned a guilty verdict.

"'The length of time of jury deliberation is a matter of discretion of the trial judge; without more, it cannot constitute coercion.'" *United States v. Martinez-Perez*, 941 F.2d 295, 301 (5th Cir. 1991) (quoting *United States v. Caracci*, 446 F.2d 173, 178 (5th Cir. 1971)). Informing a jury that it is essential they reach a verdict before a deadline can "'put undue pressure on the jury to reach a verdict more swiftly than the ends of justice will allow.'" *United States v. Murvine*, 743 F.2d 511, 515 (7th Cir. 1984) (quoting *United States v. Diharce-Estrada*, 526 F.2d 637, 640 (5th Cir. 1977). However, a claim of undue pressure on the jury cannot be substantiated "without clear indications that the jury was exhausted, hungry, confused, or otherwise uncomfortable." *Murvine*, 743 F.2d at 515.

Here, there were no indications the jury was exhausted, hungry, confused or otherwise uncomfortable during deliberations. The Court was within its discretion to allow jurors the opportunity to deliberate or take a lunch break—a decision that was freely up to the jury and clearly void of coercion, and at no time did the Court inform jurors it was essential they reach a verdict before a certain deadline. The jury was therefore under no undue duress to reach a verdict in this case. Accordingly, Defendant is not entitled to a new trial on this basis.

## IV. CONCLUSION

For the aforementioned reasons, Defendant's Motion for New Trial (Dkt. No. 132) is **DENIED.**

It is so **ORDERED**.

**SIGNED** this 3rd day of July, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE