United States District Court
Southern District of Texas

**ENTERED**

March 29, 2016

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| **V.** | § | **CR. No. 2:12-757-2(S)** |
| | § | **(CA. No. 2:15-527)** |
| **LUIS PEREZ-BAROCELA,** | § | |
| **Defendant/Movant.** | § | |

**MEMORANDUM OPINION & ORDER**

Luis Perez-Barocela (Perez-Barocela) filed a motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255. D.E. 232.[1]  Pending before the Court is the Government's motion to

dismiss (D.E. 236), to which Perez-Barocela did not respond.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Perez-Barocela and others were charged with a single count of conspiracy to possess with

intent to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. §§ 846,

841(a)(1), 841(b)(1)(A). Following a three-day trial, a jury found Perez-Barocela guilty on May 30,

2013. The Fifth Circuit recited the facts in part:

> Luis Perez–Barocela, Raul Peraza–Trejo, and Oscar Quijano were charged with
> conspiring to possess with intent to distribute more than 1,000 kilograms of
> marijuana. Peraza–Trejo and Quijano pled guilty, while Perez–Barocela proceeded
> to trial before a jury. The government's witnesses at trial included Quijano;
> co-conspirators Jose Antonio Benitez, Ernesto Cabrera–Enriquez, and Noe Galindo,
> Jr., all of whom pled guilty to various drug offenses; Homeland Security
> Investigations ("HSI") agent Charles Lehmann; and Drug Enforcement
> Administration ("DEA") agent David Bishop.
> Benitez, Cabrera–Enriquez, and Galindo all testified that they were commercial
> truck drivers and that Perez–Barocela had recruited them to transport loads of
> marijuana through the Falfurrias checkpoint between October 2011 and February

---

[1]  Docket entry numbers (D.E.)  refer to the criminal case.

2012 in return for payments ranging from $30,000 to $50,000. Each co-conspirator further testified that he was arrested at the checkpoint when agents discovered in his truck between 1,200 and 2,600 pounds of marijuana belonging to Perez–Barocela and Peraza–Trejo. According to the testimony, Perez–Barocela and Peraza–Trejo obtained the marijuana, sometimes led the loading and unloading process, and accompanied the trucks through the border in a white GMC, blue Nissan Altima, or blue Jeep Liberty. Cabrera–Enriquez and Galindo both identified Peraza–Trejo as the leader of the operation. The co-conspirators also provided agents with Perez–Barocela's phone number, and Benitez and Galindo identified Perez–Barocela and Peraza–Trejo in photo arrays.

Quijano, also a truck driver, testified that he did not transport marijuana across the border but instead loaned his truck to Perez–Barocela and Peraza–Trejo for this purpose in return for $30,000. He corroborated much of Benitez's and Galindo's testimony, provided agents with Perez–Barocela's phone number, and identified Perez–Barocela and Peraza–Trejo in photo arrays.

Agent Lehmann testified that he was working at the Falfurrias checkpoint when Cabrera–Enriquez was arrested. He participated in Cabrera–Enriquez's interview, developed photo arrays to identify the members of the conspiracy, and tracked down Perez–Barocela's phone based on the phone number provided by Cabrera–Enriquez. Agent Bishop, the case agent, linked the arrests of Benitez, Cabrera–Enriquez, and Galindo. He testified that Benitez, Quijano, and Perez–Barocela worked together as truck drivers for Eagle Systems. He also testified that a white SUV was registered to Perez–Barocela and that Peraza–Trejo rented a blue Nissan Altima from September 2011 to December 2011. Surveillance photos taken at the Falfurrias checkpoint confirmed that those vehicles crossed through the checkpoint in temporal proximity to the trucks transporting the marijuana. Agent Bishop also linked the co-conspirators' phone numbers, testifying that there were 63 calls between Perez–Barocela and Benitez, 160 calls between Perez–Barocela and Cabrera–Enriquez, six calls between Perez–Barocela and Galindo, and 108 calls between Perez–Barocela and Quijano.

Perez–Barocela and the government stipulated that the trafficked substance was marijuana and that its net weight exceeded 1,000 kilograms. The government rested, and Perez–Barocela did not call any witnesses. After Perez–Barocela unsuccessfully moved for a judgment of acquittal, the jury returned a guilty verdict.

*United States v. Perez-Barocela*, 594 Fed. App'x 224, 225-27 (5th Cir. Nov. 26, 2014) (per curiam)

(designated unpublished).

After trial, this Court ordered the Probation Department to prepare a Presentence Investigation Report (PSR). Perez–Barocela's base offense level of 34 was calculated based on 3921.9 kilograms of marijuana (net). Two levels were added for obstruction of justice, and three

levels were added for manager/supervisor, for a total offense level of 39. Perez–Barocela had three

criminal history points, resulting in application of criminal history category II. The guideline range

of imprisonment was calculated to be 292 to 365 months, with a statutory minimum sentence of 10

years. Counsel filed objections to the PSR challenging alleged inaccuracies in the PSR, application

of leadership role, obstruction of justice, criminal history calculation, and drug quantity. Sentencing

was held on August 19, 2013. The Court overruled Perez–Barocela's objections and adopted the

PSR as the findings of the Court. Defense counsel argued that extreme disparities between the

sentences received by cooperating co-defendants and witnesses should be considered[2] and advocated

for a 120-month sentence. The government pointed out the extensiveness of the conspiracy and the

large quantity of marijuana at issue, and argued for a guideline sentence. The Court sentenced

Perez–Barocela to 292 months' imprisonment, five years supervised release, and a $100 special

assessment. The Court advised Perez–Barocela of his right to appeal.

Perez–Barocela appealed to the Fifth Circuit Court of Appeals, which affirmed the judgment

on November 26, 2014. D.E. 212. On August 11, 2015, this Court granted Perez–Barocela's motion

for sentence reduction pursuant to Amendment 782 of the Sentencing Guideline Manual and reduced

his sentence to 235 months' imprisonment. D.E. 228.

Perez–Barocela filed the present motion through counsel on November 18, 2015. It is timely.

### III. MOVANT'S ALLEGATIONS

Movant raises a number of challenges to his conviction and sentence. In Grounds One

through Five and Eight, he challenges his Indictment complaining that it violated due process and

---

[2] Quijano, the driver who cooperated with the government, was sentenced to 24 months' imprisonment; however, Quijano was only held accountable for 506.01 kilograms of marijuana, was a minor participant, was safety valve eligible, and testified against Perez-Barocela at trial.

Federal Rule of Criminal Procedure 7, and it was insufficient for him to invoke double jeopardy. In Ground Six, he claims he was denied procedural due process because he was not given fair notice to prepare for trial. In Grounds Seven and Nine, Perez–Barocela challenged the jury charge on the ground that the charge was confusing, unfair, prejudicial, and fundamentally unfair in the way that it instructed the jury regarding reasonable doubt. Ground Ten argues that this Court lost jurisdiction over Perez–Barocela when it submitted the flawed jury charge to the jury. In Ground Eleven, Perez–Barocela claims that counsel's failure to challenge the Indictment and request a bill of particulars constituted ineffective assistance of counsel. Ground Twelve challenges the sufficiency of the evidence. Ground Thirteen complains that Perez–Barocela's right to a jury trial was denied when the charge incorrectly informed the jury as to the weight to be given to the testimony of a co-conspirator. Ground Fourteen complains that Perez-Barocela's sentence was excessive due to a miscalculation of his criminal history.

## III. ANALYSIS

### A.      28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B.**     **The Indictment**

Perez–Barocela was tried on the Superseding Indictment, which read as follows:

From on or about October 1, 2011, to on or about the date of this Indictment [November 28, 2012], in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants, RAUL PERAZA TREJO, LUIS PEREZ–BAROCELA, and OSCAR QUIJANO, did knowingly and intentionally conspire and agree together, with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance. This violation involved more than one thousand (1,000) kilograms of marijuana, a Schedule I controlled substance. In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

D.E. 36. He challenges the sufficiency of the Indictment in Grounds One through Five and Ground Eight.

Perez–Barocela's claims regarding the Indictment were not previously raised before the Court or on appeal. "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). "This cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard that [applies] on direct appeal." *Shaid*, 937 F.2d at 232 (internal quotations omitted). Cause and prejudice applies to fundamental constitutional errors, attorney error, and claims that may affect the truth-finding function of the trial. *Id*.

Perez–Barocela does not attempt to address the cause and prejudice issue. Accordingly, the Court finds that Grounds One, Two, Three, Four, Five, and Eight are procedurally barred.

**C.**     **Violation of Procedural Due Process**

Perez–Barocela argues that his procedural due process rights were violated because he was

not provided enough information to prepare for trial, prepare for cross-examination, or decide whether to testify at trial. He raises this issue for the first time in these proceedings, but has not shown cause and prejudice for his failure to raise the issue previously. *See Shaid*, 937 F.2d at 232. The Court finds Ground Six is procedurally barred.

### D.      The Jury Charge

Perez–Barocela challenges the jury's instructions regarding reasonable doubt and the weight to be given to testimony of co-conspirators in Grounds Seven, Nine, and Thirteen. He did not challenge the jury charge on appeal, nor did he object to the charge at trial. *See* Trial Tr., D.E. p. 419:17-19. Grounds Seven, Nine, and Thirteen are therefore procedurally defaulted.

### E.      Sufficiency of the Evidence

Perez–Barocela challenged the sufficiency of the evidence on appeal. The Fifth Circuit held that the evidence was sufficient. *Perez-Barocela*, 594 Fed. App'x at 228. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *accord United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014). Ground Twelve is also barred from review.

### F.      Challenges to Sentence

In Ground Fourteen, Perez-Barocela challenges the three criminal history points he received for his 2001 conviction for conspiracy in New Jersey. He claims that because he never served prison time, that conviction should not have been scored. He raised this issue on appeal, and it was rejected. *Perez-Barocela*, 594 Fed. App'x at 228 ("Accordingly, the district court did not err in enhancing Perez–Barocela's offense level by three points."). Because Perez-Barocela's caim in Ground

Fourteen was decided against him by the Fifth Circuit, he may not raise it again. *See Kalish*, 780

F.2d at 508.

**G.      Ineffective Assistance of Counsel**

   1. *Standard for ineffective assistance of counsel*

   Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed

under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United*

*States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance

of counsel, a movant must demonstrate that his counsel's performance was both deficient and

prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the

broad range of what is considered reasonable assistance and that this deficient performance led to

an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75

(5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was

prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in

the length of his imprisonment. *United States v. Herrera*, 412 F.3d 577, 581 (2005); *Glover v.*

*United States*, 531 U.S. 198, 203 (2001). If the movant fails to prove one prong, it is not necessary

to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address

both components of the inquiry if the defendant makes an insufficient showing on one"); *see also*

*Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance

or actual prejudice is fatal to an ineffective assistance claim.").

   2. *Counsel's failure to challenge the indictment*

   Perez-Barocela claims that counsel's failure to challenge the sufficiency of the Superseding

Indictment constitutes ineffective assistance of counsel. He contends in other grounds that the

Superseding Indictment did not give him fair notice.

"An indictment is legally sufficient if (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Blevins*, 755 F.3d 312, 319 (5th Cir. 2014) (citing *United States v. Cooper*, 714 F.3d 873, 877 (5th Cir. 2013) (quotations marks and citations omitted)). The Superseding Indictment charged Perez-Barocela with conspiracy to possess and distribute drugs. Subsection 841(a)(1) provides that it is unlawful to "knowingly or intentionally" "possess with intent to distribute" a "controlled substance." Subsection 841(a)(1)(A)(vii) applies to "1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana." The Indictment included the time period of the conspiracy: "From on or about October 1, 2011, to on or about the date of this Indictment," a period of approximately a year, and included the statutory language setting out the elements of the offense as outlined in §§ 846 and 841(a)(1). The Superceding Indictment identified two of Perez-Barocela's co-conspirators and the general geographic location of the conspiracy.

"The purpose of an indictment is to allege each essential element of the offense charged so as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding." *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013). In *Lawrence*, which involved a conspiracy to possess with intent to distribute cocaine, the Fifth Circuit held that the indictment was sufficient when it charged the defendants with knowingly and intentionally "combining, conspiring and agreeing with each other and with other co-conspirators to knowingly and intentionally possess illicit substances . . . ." The Court held that § 846 does not require an indictment to list overt acts. *Id*.

Under the circumstances, there was no basis for counsel to challenge the sufficiency of the Superceding Indictment. Counsel's failure to make a frivolous objection does not constitute ineffective assistance of counsel. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *accord Rivas v. Thaler*, 432 Fed. App'x 395, 401 (5th Cir. July 14, 2011) (per curiam) (designated unpublished).

3. *Counsel's failure to challenge the jury charge as to the reasonable doubt instruction*

Perez-Barocela complains of portions of the jury charge regarding reasonable doubt. The jury charge stated in pertinent parts: "While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any reasonable doubt concerning the defendant's guilt." D.E. 117, p.2. This single paragraph is only one of three paragraphs that address the government's burden of proof. The challenged paragraph and the remaining instructions were taken from the Fifth Circuit Pattern Jury Charge § 1.05.

"[S]o long as the court instructs the jury on the necessity that the defendant's guilt be proven beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof."*United States v. Williams*, 20 F.3d 125, 128 (5th Cir. 1994) (internal citation omitted). Because the language used in this case instructed the jury that the government was required to establish all elements of the offense by proof beyond a reasonable doubt as required by *Victor v. Nebraska*, 511 U.S. 1, 5 (1994), and *In re Winship*, 397 U.S. 358, 361 (1970), counsel had no basis to object. *Green*, 160 F.3d at 1037 ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."). Perez-Barocela has not met his burden to prove that counsel's conduct was

deficient.

    4. *Counsel's failure to request a bill of particulars*

In various grounds, Perez-Barocela claims that he did not have enough information about the charge against him to mount a defense. He also complains that his counsel was ineffective on the grounds that counsel failed to file a bill of particulars. "The filing of pretrial motions falls squarely within the ambit of trial strategy." *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984); *see also United States v. Lewis*, 786 F.2d 1278, 1283 (5th Cir. 1986). The Court is aware of the local "open file" policy of the United States Attorney's Office. It is likely that counsel, who regularly practices in this district, was also aware of the policy and saw no need to file a motion for a bill of particulars.

Perez-Barocela has not provided the Court with any facts or evidence that overcomes the strong presumption that counsel's assistance was adequate and his decisions were made on a strategic basis. *See Strickland*, 466 U.S. at 689 ("A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."). This ground fails.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Perez-Barocela has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability ("COA") "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims

that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Perez-Barocela is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 236) is **GRANTED**, Perez-Barocela's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 232) is **DENIED**, and Perez-Barocela is also denied a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 29th day of March, 2016.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE