United States District Court
Southern District of Texas
**ENTERED**
January 19, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. 2:12-757-2 |
| | § | |
| **LUIS PEREZ-BAROCELA,** | § | |
| Defendant/Movant. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Luis Perez-Barocela's Motion to Vacate Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (D.E. 247), wherein he seeks to vacate the Court's previous denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 239, 240).

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A jury convicted Perez-Barocela of conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana. He was sentenced to 292 months' imprisonment. Perez-Barocela appealed his conviction and sentence, but the Fifth Circuit affirmed. *United States v. Perez-Barocela*, 594 Fed. App'x. 224 (5th Cir. Nov. 26, 2014) (per curiam) (designated unpublished). The Court reduced Perez–Barocela's sentence to 235 months pursuant to Amendment 782. Perez–Barocela then filed a timely motion to vacate, set aside, or correct sentence through counsel on November 18, 2015. The government responded to the motion on January 25, 2016, and moved to dismiss the motion to vacate. On March 29, 2016, this Court denied the motion by Memorandum Opinion and Order and final judgment.

## II. MOVANT'S ALLEGATIONS

Perez-Barocela claims that his retained § 2255 counsel failed to advise him that the government moved to dismiss and failed to file a reply. As a result, he was deprived of his ability to file a reply and was unaware of the denial of his motion until he received a copy of the Court's docket sheet on December 16, 2016.

## III. ANALYSIS

### A. Rule 60(b)

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2016). Because the Rules governing § 2255 proceedings limit prisoners to a single § 2255 proceeding, a defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive habeas motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). It is only when a Rule 60 motion attacks "some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Id*. A Rule 60(b) motion that seeks to advance one or more substantive claims after denial of a habeas petition is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing. *Id.* at 531; *see also United States v. Hill*, 202 Fed. App'x. 712, 713 (5th Cir., Oct. 13, 2006) (designated unpublished); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999).

### B. Perez-Barocela's Motion Seeks Procedural Relief

Perez-Barocela argues that his retained counsel's failure to provide him with the government's response or file a reply violated his procedural rights. He appears to request that the Court vacate its previous denial and final judgment so he may file a reply. Perez-Barocela's

argument is procedural and not barred. *See Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015) (federal prisoner's effort to re-open his 2255 based upon abandonment by counsel during collateral proceedings not second or successive 2255 motion).

**C. Analysis of Merits**

Even if Perez-Barocela's statement that counsel did not provide him a copy of the government's response is true, the government's certificate of service reflects that it served Perez-Barocela with its response at the Federal Correction Institute in El Reno, where Perez-Barocela was incarcerated before he filed his motion to vacate. *See* D.E. 215. The Court also mailed its Order Reducing Sentence (D.E. 228), Order for the government to respond and allowing movant to reply (D.E. 233), Memorandum Opinion & Order (D.E. 239), and Final Judgment (D.E. 240) to Perez-Barocela at that same address. The documents were not returned to the Court as undeliverable.[1] There is a presumption that documents properly addressed and mailed to the recipient are delivered unless specifically denied by the recipient.[2] "Once the presumption of receipt applies, '[i]f a particular plaintiff can offer some evidence to demonstrate that he or she did not receive the letter within the allotted time, the presumption can certainly be overcome.'" *Id*. at 695 (quoting *Morgan v. Potter*, 489 F.3d 195, 197 n.1 (5th Cir. 2007)).

Perez-Barocela's unsworn declaration does not directly deny receiving the documents from the government or the Court, but instead states he did not receive them from counsel. His further statement that he did not know of any of these events until he received a copy of this

---

1. When a prisoner is no longer at a BOP facility, the prison returns mail to the Court as undeliverable.

2. When doubt exists as to whether an addressee received a letter, we have previously applied the mailbox rule, which provides that "[p]roof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007) (per curiam) (quoting *Beck v. Somerset Techs., Inc*., 882 F.2d 993, 996 (5th Cir. 1989)).

Court's docket sheet in December is by itself insufficient. *See Gamel*, 625 Fed. App'x at 696 (recipient's affidavit that she did not receive letter was insufficient to rebut the presumption of receipt). Thus the record before this Court reflects that Perez-Barocela received notice of the government's response and this Court's disposition of his motion. Accordingly, his present motion is without merit.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . .only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."). Although Perez-Barocela has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a §

---

*Gamel v. Grant Prideco, L.P.*, 625 Fed. App'x 690, 694 (5th Cir. Sept. 11, 2015) (per curiam).

2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Perez-Barocela is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, Perez-Barocela's Rule 60(b) motion (D.E. 247) is **DENIED**. He is also denied a Certificate of Appealability. Because this motion is not considered a second or successive § 2255, the Clerk is directed to close Cause No. 2:16-CV-542.

It is so **ORDERED** this 19th day of January, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

5