IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff/Respondent, § | |
| § | |
| V. § | CR. No. 2:12-757-2 |
| § | |
| LUIS PEREZ-BAROCELA, § | |
| Defendant/Movant. § | |

## MEMORANDUM OPINION AND ORDER

Luis Perez-Barocela (Perez-Barocela) filed a Rule 59(e) motion requesting that the Court reconsider its denial of his Rule 60(b) motion to reopen his § 2255 proceedings. D.E. 249. This Court's Memorandum Opinion and Order dated January 19, 2017, recited the history of the proceedings. D.E. 247.

### MOVANT'S ALLEGATIONS

Movant claims that this Court misapplied the law and ignored his affidavit when it denied his previous motion to reopen his § 2255 motion.

### ANALYSIS

**A. Rule 59(e)**

The Federal Rules of Civil Procedure apply to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2017). Because the Rules governing § 2255 proceedings limit prisoners to a single § 2255 proceeding, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive habeas motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). It is only when a Rule 59(e)

1

motion attacks "some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Id*.

**B.      Perez-Barocela's Motion Seeks Procedural Relief**

In his previous motion, Perez-Barocela's unsworn declaration stated in part, "My attorney failed to apprise me of the Government's motion to dismiss and also failed to file a reply brief to establish the cause and prejudice standard necessary to overcome a procedural default defense." D.E. 247, ¶ 4. "I found out my § 2255 motion had been dismissed and denied through the court docket sheet after several months of unsuccessful attempts to contact my lawyer." *Id*, ¶ 7.[1] The Court rejected Perez-Barocela's affidavit as insufficient to rebut the record, which reflected numerous mailings to him by the Court and the United States.

Perez-Barocela argues that the Court misapplied the presumptions regarding received mail, citing *Manojiya v. Gonzales*, 432 F.3d 588, 589-90 (5th Cir. 2005), in support. As a result, he attacks this Court's ruling on the resolution of a procedural matter, his alleged lack of opportunity to file a reply.

**C.      Perez-Barocela Has Not Established Any Basis To Reopen the Proceedings**

The *Manojiya* court held that the immigration judge incorrectly relied on the presumption of receipt when a notice was sent by regular mail rather than by certified mail as required by immigration procedures. 432 F.3d at 589. The issue was whether the immigration plaintiff was properly served with notice of a removal hearing. *Id.* The plaintiff filed an affidavit in which he testified he did not receive notice of the rescheduled hearing. *Id*. Although *Manojiya* has been cited by other immigration cases, because it addresses requirements for service of immigration

---

1. Perez-Barocela's docket sheet does not reflect that he requested a copy of the docket sheet.

documents, its holding is limited to the immigration context.

In contrast, the presumption cited by the Court is generally applicable to mail service. *Gamel v. Grant Prideco, L.P.*, 625 Fed. App'x. 690, 695 (5th Cir. Sept. 11, 2015) (per curiam) (unpublished) (citing *United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007) (per curiam)); *Duron v. Albertson's LLC*, 580 F.3d 288, 290 (5th Cir. 2009).

Morevoer, even if Perez-Barocela did not receive the documents as he alleges, he has not demonstrated any harm from the Court's denial of his motion to reopen. Rule 5 permits a reply to be filed, but "it does not require the Court to wait on a reply before ruling." *Nix v. United States*, 2015 WL 2137296 at *1 (S.D. Miss. May 7, 2015) (unpublished).

Notably, Perez-Barocela does not state what his reply would have included had he filed one. Some of the issues he raised were procedurally barred because they were not raised either before this Court or on appeal.[2] His original motion made no attempt to demonstrate cause for his procedural default or prejudice, both of which are threshold issues for a movant. *See Bousley v. United* States, 523 U.S. 614, 622 (1998); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Other issues were decided against him by the Fifth Circuit on direct appeal and could not be raised again. Finally, his claims of ineffective assistance of counsel were not supported by the record. Because Perez-Barocela has not shown any prejudice from his alleged inability to file a reply, the Court denied his request to reopen the proceedings.

---

2. For example, Perez-Barocela, argued that his procedural due press rights were violated because he was not given enough information to prepare for trial, prepare for cross-examination, or to decide whether to testify. All of these issues were raised on collateral challenge for the first time. Perez-Barocela also complained that his trial counsel did not file a bill of particulars to obtain more information, but this Court rejected that complaint due to this district's open file policy by the government. Under the circumstances, Perez-Barocela's lack of reply did not prejudice him.

3

# CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability (COA) in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . . that a COA is not required to appeal the denial of a Rule 60(b) motion . . .only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."). Although Perez-Barocela has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules. A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable

whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Perez-Barocela is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## CONCLUSION

For the foregoing reasons, Perez-Barocela's Rule 59(e) motion (D.E. 249) is **DENIED**. He is also **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 19th day of April, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE