United States District Court
Southern District of Texas
**ENTERED**
June 22, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| V. § | | 2:12-CR-757-2 |
| § | | |
| LUIS PEREZ-BAROCELA, § | | |
| Defendant/Movant. § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant/Movant Luis Perez-Barocela's third *pro se* Rule 60(b) Motion for Relief from Judgment (D.E. 255). He challenges the integrity of this Court's decision on his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the Court's denial of his previous Rule 60(b) motions.

**I. BACKGROUND**

A jury found Perez-Barocela guilty of one count of conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana in May 2013. He was sentenced to 292 months' imprisonment to be followed by five years' supervised release. The Fifth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Perez-Barocela*, No. 13-40617 (5th Cir. 2014) (per curiam) (designated unpublished).

Perez-Barocela filed a motion to vacate, set aside or correct sentence in 2015. The Court denied the motion by Memorandum Opinion & Order and Final Judgment entered March 29, 2016.[1] Perez-Barocela filed a Rule 60(b) motion in December 2016, in which he sought procedural relief based upon his post-conviction counsel's failure to file a reply to the

---

[1] Perez-Barocela raised 14 grounds of relief in his motion. The Court found that many of his claims were procedurally barred.

1

Government's motion to dismiss in the § 2255 proceedings. In that motion, Perez-Barocela asserted that his post-conviction counsel abandoned him and failed to file a reply. He argued that if he had known the Government filed a response, he could have filed a reply to address the procedural default. The Court found that Perez-Barocela was served with a copy of the Government's motion to dismiss, and he did not establish that he had not received it. As a result, the Court denied relief by Order dated January 19, 2017.

Perez-Barocela filed a motion for reconsideration on February 13, 2017, in which he argued that the Court misapplied the law in its previous Order. The Court denied the motion by Order dated April 19, 2017. Perez-Barocela filed his current motion on April 16, 2018, in which he again claims that the Court misapplied the law.

## II. MOVANT'S ALLEGATIONS

Perez-Barocela again argues that counsel abandoned him during the original post-conviction proceedings, which crippled his ability to properly respond to the Government's motion to dismiss. He attached to his present motion a letter from counsel dated August 27, 2015, in which counsel set out a fee for the "§ 2255 Motion," a separate amount for a trip to Oklahoma to see Perez-Barocela, and a separate deposit for court costs and postage. D.E. 255, Ex. A. He also attached a letter from counsel dated December 2, 2015, that forwarded a copy of the Court's Order requiring the Government to respond to the "§ 2255 motion. *Id.*, Ex. B. The letter also stated, "I will continue to inform you of any further course of action in your case." *Id.* According to Perez-Barocela, he did not hear from counsel again. He argues that in light of this evidence, the Court should find that counsel abandoned him during his § 2255 proceedings. He further alleges that counsel's abandonment affected the integrity of these proceedings and is not a second or successive § 2255 motion/claim.

## III. ANALYSIS

### A.     Federal Rule of Civil Procedure 60(b)

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2017). A Rule 60(b) motion may be used to attack a previous final judgment in limited circumstances. FED. R. CIV. P. 60(b). The motion generally must be brought within a year after judgment, unless the movant establishes that the preceding judgment is void, has been satisfied, discharged, or released; or for any other reason that justifies relief. FED. R. CIV. P. 60(c)(1). Perez-Barocela's motion was brought more than a year after the judgment he challenges. The evidence he attached is from 2015 and was from his own files. Perez-Barocela's present motion is untimely because it attacks orders issued in March 2016 and January 2017.

### B.     Perez-Barocela's Motion Is Second or Successive

Claims that Perez-Barocela should have or could have brought in his previous § 2255 motion are second or successive. *Gonzalez*, 545 U.S. at 532 (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2255). He is only entitled to a single § 2255 motion unless he obtains the permission of the Fifth Circuit Court of Appeals to file a second motion. *See id.* at 531; *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Perez-Barocela's motion does not indicate that he has sought or obtained such permission. Without permission from the Fifth Circuit, this Court does not have the power to adjudicate his claims.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . . that a COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."); *Williams v. Quarterman*, 293 Fed. App'x 298 at *16 (5th Cir. Sept. 19, 2008) (per curiam) (designated unpublished) ("Williams also must obtain a COA to appeal his Rule 59(e) motion.").

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable

4

whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Perez-Barocela is not entitled to a Certificate of Appealability on any of his claims. Reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, Perez-Barocela's Rule 60(b) Motion for Relief from Judgment (D.E. 255) is **DENIED**. He is also **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 14th day of June, 2018.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE