Case 2:12-cr-00757  Document 276  Filed on 04/04/23 in TXSD  Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CRIMINAL NO. 2:12-757-2 |
| § | | |
| **LUIS PEREZ-BAROCELA,** § | | |
| Defendant. § | | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Luis Perez-Barocela's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) with Memorandum in Support. D.E. 275.

## I. BACKGROUND

Defendant was convicted of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and sentenced to 292 months' imprisonment, which was reduced to 235 months in 2015 under Amendment 782 to the United States Sentencing Guidelines. He has served approximately 125 months (53%) of his sentence and has a projected release date, after good time credit, of January 26, 2029.

Defendant previously moved the Court to reduce his sentence to time served and/or order his release to home confinement because his underlying medical conditions increased his risk of complications should he contract COVID-19 in prison. D.E. 257. The Court denied the motion by written Memorandum Opinion & Order entered November 16, 2020, explaining: (1) Defendant offered no evidence that he suffered from any underlying medical condition that would make him particularly vulnerable to COVID-19; (2) the Court was without sufficient information regarding his conduct in prison to determine whether he poses a danger to society if released; and (3) because he failed to demonstrate that he had complied with the exhaustion requirements under 18 U.S.C. § 3582, the Court was without jurisdiction to grant his motion. D.E. 258.

1

Defendant filed a second motion for compassionate release after exhausting his administrative remedies. D.E. 264. In it, he repeated his claim that his underlying medical conditions make him particularly vulnerable to COVID-19; argued that proposed "marijuana normalization bills" indicate that Congress and society view his sentence as "dramatically longer than necessary or fair;" and complained that he received a significantly longer sentence than his codefendant and that his sentence is "disproportionate on a national level." *Id.* The Court denied the motion by written Memorandum Opinion & Order entered July 6, 2022, explaining: (1) Defendant is at little to no risk from severe COVID-19 because he is fully vaccinated against COVID-19; (2) despite changes in society's attitudes towards marijuana, the Marijuana Opportunity Reinvestment and Expungement Act ("MORE," H.R. 3617) is merely proposed legislation, and Congress had not legalized marijuana or further reduced the offense level for Defendant's crime; (3) sentencing disparity between Defendant and others who are not similarly situated did not constitute an extraordinary and compelling reason warranting compassionate release; (4) Defendant's conclusory allegations regarding drug quantity were similarly not extraordinary and compelling; (5) while the Court may consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone; and (5) a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements, 18 U.S.C. § 3142(g), U.S.S.G. § 1B1.13(2), or 18 U.S.C. § 3553(a). Defendant appealed the Court's decision, but his appeal was dismissed because he failed to identify a non-frivolous argument for appeal. *United States v. Perez-Barocela*, No. 22-40471, 2022 WL 17246936, at *1 (5th Cir. Nov. 28, 2022).

## II. ANALYSIS

Defendant's current motion for compassionate release cites essentially the same reasons previously rejected by the Court: (1) society's accepting attitudes towards marijuana and new legislation—this time the Cannabis Administration and Opportunity Act—that "automatically expunges federal non-violent marijuana crimes and allows an individual currently serving time in federal prison for non-violent marijuana crimes to petition a court for re-sentencing" (D.E. 275, p. 9); (2) his post-sentencing rehabilitative efforts establish that the 18 U.S.C. § 3553(a) factors weigh in favor of a sentence reduction; (3) he received a significantly longer sentence than his codefendants; and (4) he has a stable place to live and a plan for employment upon his release.

Like the MORE Act, the Cannabis Administration and Opportunity Act, S.4591, is proposed legislation. Congress still has not legalized marijuana or further reduced the offense level for Defendant's crime. Defendant does not acknowledge the Court's prior findings that he poses a danger to the community and that releasing him when he has served only half of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. He also does not address the Court's prior explanation regarding why he received a longer sentence than cooperating co-defendants and witnesses, who were in no way similarly situated to Defendant. Finally, his proposed release plan to live with his brother in Houston, Texas, and resume truck driving is unlikely to come to fruition, given that Defendant has an immigration detainer, still faces a 4-year prison sentence in Case No: 02-06-00085-S (Hudson County Superior Court, New Jersey), and is disqualified for life from driving a commercial vehicle in Texas based on his conviction in this case. *See* TEX. TRANSP. CODE § 522.081(d)(2)(B) ("A person is disqualified from driving a commercial motor vehicle for life . . . if the person uses a motor vehicle

in the commission of a felony involving . . . possession with intent to manufacture, distribute, or dispense a controlled substance.").

### III. CONCLUSION

For the reasons set forth above, as well as the Court's July 6, 2022 Memorandum Opinion & Order denying compassionate release (D.E. 267), which is incorporated by reference as if fully set forth herein, Defendant's third Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.E. 275) is **DENIED**.

It is so **ORDERED** this 4th day of April, 2023.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE