Case 2:12-cr-00757   Document 286   Filed on 05/13/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:12-757-2 |
| | § | |
| LUIS PEREZ-BAROCELA, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Luis Perez-Barocela's fifth motion for compassionate release. D.E. 285. For a detailed history of his prior motions for compassionate release, the Court's orders denying relief, his appeals, and the Fifth Circuit's dismissals thereof, see Docket Entries 257, 258, 264, 267, 269, 274, 275, 276, 277, 278, 283, and 284.

**I. BACKGROUND**

Defendant was convicted of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and sentenced to 292 months' imprisonment, which was reduced to 235 months in 2015 under Amendment 782 to the United States Sentencing Guidelines. He has served approximately 151 months (64%) of his sentence and has a projected release date, after good time credit, of October 14, 2029. Defendant now moves the Court for compassionate release based on his medical circumstances, family circumstances, unusually long sentence, and post-sentencing rehabilitative efforts. He submitted an administrative request to the Warden of FCI Hazelton on February 15, 2025, but says he did not receive a response.

**II. LEGAL STANDARD**

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A

1

prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement provides that extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: (1) medical circumstances; (2) age (at least 65); (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)–(4); and (6) unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(3). The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the

defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)–(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III. ANALYSIS

Most of the "extraordinary and compelling" reasons cited by Defendant were previously rejected by the Court. Since its previous decisions denying compassionate release were entered, however, the Sentencing Commission amended U.S.S.G. § 1B1.13(b) to identify what circumstances may be considered "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(a). The Court will therefore reconsider Defendant's claims under the current Sentencing Guidelines Manual.

### A. Extraordinary and Compelling Reasons

#### 1. Medical Circumstances

Defendant first claims that he suffers from a severe heart condition and other medical issues requiring specialized care that is not being provided by the Bureau of Prisons (BOP), and the lack of medical care is causing a serious deterioration in his health that may lead to death. He further complains that he has contracted COVID-19 twice while incarcerated and will likely not recover if infected a third time due to his numerous underlying medical conditions.

Under the Guidelines, a defendant's medical circumstances may be extraordinary where:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

> (B) The defendant is—
>> (i) suffering from a serious physical or medical condition,
>> (ii) suffering from a serious functional or cognitive impairment, or
>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

In support of his motion, Defendant has submitted approximately 600 pages of medical records dating back to 2019. Records from his most recent clinical encounter on December 17, 2024, state that he was taking DULoxetine for pain; Aspirin, Atorvastatin, Ranolazine ER, and Nitroglycerine for angina pectoris, unspecified; Finasteride and Tamsulosin for an enlarged prostate with lower urinary tract symptoms; and Ipratropium nasal spray for chronic rhinitis. D.E. 285-2, pp. 5–6. His most recent Individualized Needs Plan – Program Review classifies him as "Care1 – Mental Health" and "Care2 Stable, Chronic Care." D.E. 285-1, p. 3. He has no medical restrictions and is cleared for regular work duty. *Id.*

Defendant has offered no evidence that he is suffering from a terminal illness; that he suffers from a medical condition that substantially diminishes his ability to provide self-care and

from which he is not expected to recover; or that his condition requires specialized medical care that is not being provided by BOP. He also has submitted no evidence that FCI Hazelton is currently affected or at imminent risk of being affected by an ongoing COVID-19 outbreak; to the contrary, he concedes that "there in fact may not be a high number of reported COVID-19 cases at FCI Hazelton, or any 'reported' cases at all." D.E. 285 at 13. He has similarly failed to show that he is at an increased risk of severe medical complications or death from COVID-19, given that he is fully vaccinated against COVID-19.

On this record, the Court finds Defendant has failed to demonstrate that his medical circumstances qualify as extraordinary and compelling under U.S.S.G. § 1B1.13(b)(1).

### 2. Family Circumstances

Defendant next claims that his "72 year old mother . . . is suffering from uncurable throat cancer. She has become incapacitated and is in need of an available caregiver." D.E. 285 at 13.

Under the Guidelines, a defendant's family circumstances may be extraordinary due to "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). To evaluate such requests, the Bureau of Prisons requires that an inmate provide "adequate information and documentation," including, but not limited to, a statement and verifiable medical documentation regarding incapacitation, a statement and letters of documentation that the inmate is the only family member capable of caring for the parent, and a statement and documentation regarding the inmate's release plan. *See* BOP PROGRAM STATEMENT § 5050.50, *available at* https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

Defendant has offered no evidence regarding his mother's medical condition. He has also failed to offer any explanation why his brother—a resident alien from Cuba currently living in Houston— "is unable to relocate to Cuba to provide care for their mother." D.E. 285 at 14. *See,*

5

*e.g.*, *United States v. Tyler*, 2021 WL 736467, at *4 (E.D. La. Feb. 25, 2021) ("[C]ourts have held that the 'family circumstances' criterion requires that the compassionate-release petitioner be the 'only available caregiver' for the incapacitated family member."); *United States v. Nevers*, 2020 WL 3077034, at *7 (E.D. La. June 10, 2020) (petitioner's family circumstances did not amount to extraordinary and compelling reasons because there were "no indication[s] that Petitioner [was] the only potential caregiver for her mother")). Finally, Defendant concedes that he will likely be unable to return to Cuba for some time after his release from federal custody, given that he still faces a four-year prison sentence in Case No: 02-06-00085-S (Hudson County Superior Court, New Jersey) once he has completed his federal sentence.

On this record, the Court finds that Defendant has failed to demonstrate that his family circumstances qualify as extraordinary and compelling under U.S.S.G. § 1B1.13(b)(3)(C).

### 3. Unusually Long Sentence

Defendant next argues that his 235-month sentence is unusually long when compared to his codefendants in this case and with defendants in other cases who were convicted of possession with intent to distribute more than 1,000 kilograms of marijuana. He further complains that he should not have been unfairly penalized by losing credit for acceptance of responsibility when he exercised his right to go to trial.

A defendant's unusually long sentence may be extraordinary and compelling in certain circumstances:

> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed,

and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Defendant has served more than 10 years of his sentence; however, he has failed to cite any change in law that would result in a substantially lower sentence if he were sentenced today. He also fails once again to "address the Court's prior explanation regarding why he received a longer sentence than cooperating co-defendants and witnesses, who were in no way similarly situated to Defendant." D.E. 276 at 3; *see also* D.E. 239, p. 3, n.2.

As such, the Court finds Defendant has failed to demonstrate that he qualifies for a sentence reduction under U.S.S.G. § 1B1.13(b)(6).

### 4. Post-Sentencing Rehabilitative Efforts

Finally, Defendant urges the Court to consider that he has taken various educational and vocational courses while incarcerated and that he has "a relatively clean disciplinary record." D.E. 285 at 16. His most recent Individualized Needs Plan – Program Review indicates that he has enrolled in a total of 17 classes over the last 10 years. D.E. 285-1 at 3. He has not submitted a recent copy of his Inmate Disciplinary History; however, the Court previously observed that, "between 2015 and 2018, he was disciplined for fighting with another inmate, possessing medication without a prescription, possession an unauthorized item, possessing gambling paraphernalia, and bribing a staff member." D.E. 267 at 10. The Court further notes that Defendant's anticipated release date has been extended by approximately nine months since his third motion for compassionate release was denied in 2023, which suggests that he has lost good time credit due to disciplinary issues.

Courts may consider a defendant's rehabilitation in combination with other circumstances; however, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and

7

compelling reason." 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). As explained *supra*, Defendant has not shown that any other extraordinary and compelling reason exists that would warrant compassionate release.

### B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors

In its July 6, 2022, Memorandum Opinion & Order denying Defendant's second motion for compassionate release, the Court explained:

> Defendant was the manager/supervisor of a drug trafficking organization that transported thousands of kilograms of marijuana through a Border Patrol checkpoint. His sentence was enhanced for obstruction of justice/intimidating a witness after he made threatening statements to his codefendant while they were incarcerated together before trial. His criminal history included a prior conviction for conspiracy, with the purpose of promoting and facilitating the commission of the crimes of official misconduct, forgery, falsifying records, and tampering with public records or information. He has not yet served his 4-year sentence in that case, which was stayed pending his appeal. Defendant also faces pending charges in Sunrise, Florida related to the attempted purchase of approximately 27 kilograms of cocaine.
>
> Based on the nature and circumstances of the offense of conviction, the weight of the evidence, and the danger to the community that would be posed by Defendant's early release, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Defendant when he has served only half of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

D.E. 267 at 10–11.

In response to this Order, Defendant has submitted evidence that he was sentenced to time served in his Florida case in 2014. *See* D.E. 285-1 at 6. Apparently confusing 21 U.S.C. § 848 (the Kingpin Statute) with U.S.S.G. § 3B1.1(b), he further argues that the Government's concession at trial that he was "not being painted as the head of an organization . . . or some kind of kingpin"

8

(D.E. 285-1 at 1:7-11) proves that he "was in fact 'Not' a manager/supervisor of any organization" (D.E. 285 at 6).

Defendant's current arguments have not altered the Court's opinion that a sentence reduction would be inconsistent with the applicable Sentencing Guidelines' policy statements or that releasing Defendant early would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. §§ 3553(a)(2) and 3142(g); U.S.S.G. § 1B1.13(2).

## IV.   REQUEST APPOINT COUNSEL

Finally, Defendant asks the Court to appoint counsel to assist with gathering information regarding his mother's medical condition and pursuing compassionate release.

There is no constitutional right to counsel in Section 3582 or other post-appellate criminal proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir. 1995) (no constitutional or statutory right to counsel in § 3582 proceedings). "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Rodriguez*, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008)); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se*. *See United States v. Joseph*, 2020 WL 3128845, at *2 (E.D. La.

9

June 12, 2020) (quoting *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam) (internal citation and alterations omitted).

The Court finds that the interests of justice do not require the appointment of counsel. The issues Defendant seeks to raise are not complex, and he appears fully capable of representing himself on the matter, given the numerous *pro se* motions and briefs he has filed in this case. *See United States v. Delco*, 2020 WL 4569670, at *2–3 (E.D. La. Aug. 7, 2020) (declining to appoint counsel to a defendant seeking compassionate release, observing that there was "no indication" that the defendant was "incapable of adequately presenting his motion *pro se*"); *United States v. Hames*, 2020 WL 3415009, at *1 (E.D. Tex. June 19, 2020) (denying appointment of counsel for defendant seeking compassionate release who submitted a well-reasoned brief); *United States v. Drayton*, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally.").

## V.    CONCLUSION

For the reasons stated above, as well as the Court's prior orders denying compassionate release (D.E. 258, 267, 276, 284), the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with 18 U.S.C. §§ 3142(g) and 3553(a). Accordingly, Defendant's fifth motion for compassionate release (D.E. 285) is **DENIED**.

It is so **ORDERED** this 13th day of May, 2025.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE